UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD ARTHUR KIRKHAM, | CASE NO. C24-1739 BHS |
| Petitioner, | ORDER |
| v. | |
| DONNELL TANKSLEY, | |
| Respondent. | |

THIS MATTER is before the Court on Magistrate Judge Grady J. Leupold's Report and Recommendation (R&R), Dkt. 13, recommending the Court dismiss without prejudice pro se petitioner Richard Kirkham's § 2241 habeas petition, and decline to issue a certificate of appealability. Kirkham is a pretrial detainee in Whatcom County. He contends that he has already suffered ineffective assistance of counsel and been denied his right to speedy trial.

The thorough R&R concludes that the Court should abstain from interfering with ongoing state criminal cases under *Younger v. Harris*, 401 U.S. 37 (1971). Dkt. 13 at 3–6 (citing *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980); and *Drury v. Cox*, 457 F.2d 764,764–65 (9th Cir. 1972) ("only in the most unusual circumstances is a defendant

ORDER - 1

entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts."). It correctly concludes that Kirkham has not demonstrated that he is subject to irreparable harm and thus subject to a limited exception to *Younger* abstention, *id*. at 4, and that Kirkham can (and already has) raised his constitutional claims in the state criminal proceedings. *Id*. at 5.

Kirkham objects to the R&R, emphasizing that Whatcom County has refused to permit him to call his attorney, asserting that this a "case of first impression," and that the "extraordinary circumstances of this case have not been seen in American jurisprudence." Dkt. 14 at 4.

A district judge must determine de novo any part of a magistrate judge's proposed disposition to which a party has properly objected. It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection requires "specific written objections to the proposed findings and recommendations" in the R&R. Fed. R. Civ. P. 72(b)(2). "[I]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly, when a district court adopts a magistrate judge's recommendation, the district court is required to merely

"indicate[] that it reviewed the record de novo, found no merit to . . . [the] objections, and summarily adopt[s] the magistrate judge's analysis in [the] report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at 437.

Kirkham has not persuaded the Court that the R&R is clearly erroneous or contrary to law. He has not established that this is the rare case where a federal court should intervene and correct or enjoin an unconstitutional state criminal proceeding. His objections are **OVERRULED**, the R&R is **ADOPTED** and Kirkham's habeas petition is dismissed without prejudice. For the reasons outlined in the R&R, Kirkham has not shown that a reasonable jurist could disagree that the Court should abstain under *Younger*, and the Court will **NOT ISSUE** a 28 U.S.C. § 2254(c) certificate of appealability.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 31st day of March, 2025.

BENJAMIN H. SETTLE
United States District Judge